[No. 2918. Decided June 22, 1898.]

WILLIAM D. RYAN, *Appellant*, v. NORTHERN PACIFIC
RAILWAY COMPANY, *Respondent*.

RAILROADS — INJURIES TO STOCK — FENCES IN INCORPORATED TOWNS—
FINDINGS OF TRIAL COURT.

That part of a railroad track within the limits of an incorpor-
ated town is not subject to the provisions of Laws 1893, p. 418,
§ 1 (Bal. Code, § 4332), making the failure of a railroad company
to fence its track so as to turn stock prima facie evidence of
negligence on its part in case of injury to stock by a moving
train.

The findings of fact by a trial court, made in an action at
law before it without a jury, will not be disturbed on appeal.

Appeal from Superior Court, Pierce County.—Hon.
J. A. WILLIAMSON, Judge. Affirmed.

*Murry & Scott*, for appellant.

*A. G. Avery*, and *Crowley & Grosscup*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This action was brought by appellant
against the respondent, a railroad corporation, to recover
damages for carelessly and negligently killing two cows
within the corporate limits of the town of Buckley. The
jury was waived, and the case was submitted to the trial
court upon an agreed statement of facts. The court ren-
dered judgment against appellant for costs, and an ap-
peal is taken from such judgment to this court. The
agreed statement of facts is to the effect that the respond-
ent is a duly organized corporation; that the town of
Buckley is a duly incorporated town; and that the cows
came upon the track of the defendant and were killed by
being run into by a passenger train within the corporate
limits of the town of Buckley, at a place about five hun-

dred feet distant from the depot, and within the switch limits thereof.

The following are the verbatim stipulations of the important facts:

" That within said switch limits is situated a depot building and platform, with the main track passing in front thereof in a straight line for a distance of about a quarter of a mile on either side of said depot, and a side track or switch passing in front of said depot building about ten feet beyond the main track and parallel therewith, for a distance of nearly a quarter of a mile on either side of said depot building. That said depot, depot grounds and tracks are so laid out and constructed for the convenient transaction of the business of said defendant company at said town, and are regularly used and are necessary for the accommodation of the public in the receiving and discharging of freight and passengers at said station, and were the usual and ordinary style of depot and station grounds used by said railway company along its line of road for such purposes at similar towns. That said station grounds were used by the public constantly in passing to and fro over and across the same, and the main public street of said town crosses said tracks and grounds next to said depot building.

That it would be difficult for said company to control and transact its business if it were to fence its track at said place, and would interfere with its operation of its road and transaction of its business and would greatly inconvenience the general public in traveling and doing business with said company, and would require the construction of cattle guards which would increase the peril to the lives of the employees of said company.

That said cows, just prior to the accident, were lying down on the left hand side of the main track, about ten feet from it, without the knowledge of plaintiff.

That when the engine was within about 150 feet of said cows they suddenly got upon the main track and ran in front of the engine for a distance of about 100 feet before they were struck by the engine, and that said cows were running at their utmost speed until so struck.

That the engineer of said train was occupying his usual place on the right hand side of the engine, and said engineer did not see said cows until they got upon the track. That said track was straight and the view thereof unobstructed for a distance of 2,000 feet from the place where said cows were lying, and said cows were in plain sight from said engine at said distance.

That said train was running at the rate of about fifteen miles per hour, and said engineer made no attempt to slacken the speed thereof or to stop said train, neither did he blow the whistle nor ring the bell, considering, in the exercise of his best judgment, that such action would have been of no avail.

That said rate of speed was the usual rate of speed at which passenger trains were accustomed to enter and pass said station.

That at the rate of speed said train was running it could have been safely brought to a standstill within a distance of 600 feet.

That there was nothing on either side of the main track to prevent said cows from getting off the track, and said cows could have remained where they were with perfect safety, and without being in a dangerous position.

That it is lawful for stock of all kinds to run at large within the corporate limits of the town of Buckley.

That it is dangerous for a train to strike an animal or like object upon the track when going at a slow rate of speed, as it is more liable to derail and wreck the train than when going at a greater rate of speed, so that the object may be struck with sudden force and thrown from the track.

That said track and said station grounds were not fenced so as to turn cattle away from the same."

Appellant claims that negligence may be predicated in this case upon one or more of the following grounds: (1) Failure of respondent to fence the track, thereby imposing *prima facie* evidence of negligence under the statute; (2) failure of engineer to observe cattle at a sufficient distance to have stopped the train or sounded an alarm; (3) failure of engineer after cattle jumped upon the track

to blow the whistle or ring the bell or endeavor to stop the train; (4) negligence in rate of speed at which train was running. Section 1, ch. 128, Session Laws of Washington, 1893, p. 418 (Bal. Code, § 4332) reads as follows:

" That in all actions against persons or corporations owning or operating steam railways in the state of Washington, for injuries to stock of any kind, except hogs, by collision with moving trains, it shall be *prima facie* evidence of negligence on the part of the defendant to show that the railroad track was not fenced so as to turn said stock from the track."

It is contended by the appellant that incorporated towns are not excepted from the provisions of this act in relation to fencing, and several cases are cited to sustain the contention. An examination of them, however, convinces us that they are not in point, but that they were adjudications in states where there was an express statute demanding the fencing by railroad companies of their tracks, and it will be observed that there are no special provisions in our statute. The first case cited, viz., *Atchison, T. & S. F. R. R. Co. v. Shaft*, 19 Am. & Eng. R. R. Cases, 529 (6 Pac. 908) was construing an express provision of the statute requiring it to enclose its roads with a good and lawful fence, and it was held that, except where some paramount interest of the public intervenes, or some paramount interest or duty to the public rests upon the railroad company, an exception would not obtain, and that no private interest or convenience or inconvenience on the part of the railroad company would alone be sufficient to absolve it from fencing its road where the statute in express terms required that the road should be fenced. The cases generally are collated and discussed in this opinion, and in all of them there are implied exceptions, and a great many cases are cited holding that, as a rule, the company is not obliged to construct fences within the limits of incorporated

cities or towns. And the cases holding to this rule, especially under statutes like ours, are so numerous and so overwhelming, and so almost universally establish the rule, that citations are unnecessary. So that in this case the statute does not even impose upon the respondent the burden of proof to show a lack of negligence of their part, but leaves the case to be decided upon the general principles of law applicable to such cases in the absence of rules of evidence established by statute. The questions whether, under the circumstances as shown by the stipulated facts, the engineer was guilty of negligence in not discovering the cattle before he did, or whether he was guilty of negligence in his conduct of the train after the discovery of the cattle, are questions of fact which were submitted to the lower court; and the court having found that no negligence had been committed by the engineer in respect to the questions mentioned, this court, under the general rule, which it has so often announced in cases of this kind, will not disturb its findings. There being nothing in the statement of facts which, as a question of law, could be determined to be negligence on the part of the respondent, the judgment will be affirmed.

SCOTT, C. J., and REAVIS and GORDON, JJ., concur.